SEXTON, Judge,
concurring.
I agree with the holding in this opinion that Austin v. United States, — U.S. -, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), and United States v. Halper, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), require a determination that a subsequent civil forfeiture by a sovereign that has previously obtained a criminal conviction amounts to double jeopardy under the United States Constitution. Try as I might, I have been unable to intellectually avoid these United States Supreme Court holdings in my consideration of the instant case.
There are obvious ways to avoid the Austin/Halper mandate, but implementation will take time. Thus, there will once again be significant disruption in the asset forfeiture process as a result of what I suggest are *1230 intellectual gymnastics. Nevertheless, from a practical standpoint, we will eventually return to the present situation with little, if any, theoretical advancement of the law.
I, therefore, reluctantly agree with this opinion.